STATE OF NORTH CAROLINA v. EDDIE CHARLES JONES, SR.

No. 425A83

(Filed 30 April 1984)

1. **Criminal Law § 91— statutory speedy trial period—exclusion of delays for continuances granted to State**

    In a prosecution for the rape of defendant's six-year-old child, the trial court did not err in excluding from the statutory speedy trial period delays resulting from continuances granted to the State on the following grounds: (1) the illness of one of the two investigating officers and the unavailability of the victim's mother because she had recently given birth to a son; and (2) the unavailability of the victim's mother until a material witness order was issued for her because she was being uncooperative. G.S. 15A-701(b)(7).

2. **Constitutional Law § 50— constitutional right to speedy trial—delay between indictment and trial**

    Defendant was not denied his constitutional right to a speedy trial by a delay of seven months between the date of defendant's indictment for rape and the commencement of his trial since the length of the delay did not in and of itself constitute an unreasonable or prejudicial delay, defendant failed to assert his constitutional right to a speedy trial at any time prior to or during trial, defendant had been released on bond the day of his arrest, and defendant failed to show any evidence of resulting prejudice from the delay.

3. **Rape and Allied Offenses § 4; Witnesses § 1.2— competency of seven-year-old victim to testify**

    The trial court did not abuse its discretion in admitting the testimony of a seven-year-old rape victim where the record shows that the victim demonstrated a sufficient level of intelligence to give evidence and a sufficient understanding of the importance to tell the truth.

4. **Rape and Allied Offenses § 5— first degree rape of child—sufficiency of evidence**

    The State's evidence was sufficient to support defendant's conviction of the first degree rape of his six-year-old daughter.

ON appeal by defendant as a matter of right from the judgment of *Long, J.,* entered at the 21 March 1983 Criminal Session of the Superior Court, ROWAN County. Defendant was convicted of first degree rape of a child six years and eleven months of age. The trial judge imposed a sentence of life imprisonment.

In relevant part, the evidence for the State tended to show that the thirty-four-year-old defendant was the father of the vic-

tim. The alleged offense occurred while the child was in defendant's custody for a weekend visitation.

Defendant's daughter testified that when she and her four-year-old brother Eddie visited their father, the three of them would sleep in the same bed. The defendant-father required the victim to sleep between him and her brother. The child testified that defendant had intercourse with her during these visits, usually twice on each night. She was afraid to tell her mother of these occurrences because of her father's threats. Eventually, she informed her mother who reported the incidents to the police. The victim, without any aid or prompting from her mother, consistently related her story to the police, the examining physician, the attending nurse and a rape crisis counselor.

The doctor's examination of the victim revealed that the opening of her vagina was larger than that expected for a girl her age. Her hymen was somewhat stretched, had an irregular margin and was perforated. The doctor was of the opinion that the child had had sexual intercourse, but he found no evidence of forcible penetration.

The defendant testified in his own behalf and denied ever having sexual relations with his daughter. He explained that he lived with his parents in their home. His three sisters and their children lived there also. Access to the only bathroom in the house was through the bedroom in which the defendant slept. Defendant acknowledged that his daughter always slept next to him.

Defendant presented several witnesses who testified as to his good reputation. Other witnesses, including his parents, offered evidence which corroborated the defendant's testimony.

The jury deliberated and found the defendant guilty of first degree rape. A sentence of life imprisonment was imposed by the trial court. The defendant was permitted to post a $25,000.00 bond for his appearance pending appeal.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Wilson Hayman, for the State.*

*William V. Bost, for the defendant.*

COPELAND, Justice.

[1]  In the defendant's first assignment of error he contends that his statutory right to a speedy trial, under N.C. Gen. Stat. § 15A-701, has been violated. Specifically defendant argues that Superior Court judges holding court in Rowan County committed reversible error in granting five successive motions by the State for continuance, pursuant to N.C. Gen. Stat. § 15A-701(b)(7), and in excluding the time covered by the continuances from the Speedy Trial Act's mandatory 120 day period. Defendant contends the judges who granted the continuances erroneously failed to make findings of fact to justify granting the motions.

Under North Carolina's Speedy Trial Act, N.C. Gen. Stat. § 15A-701(a1), a criminal defendant must be brought to trial within 120 days of his arrest, service with criminal process, waiver of indictment, or his indictment, whichever occurs last. *See: State v. Marlow*, 310 N.C. 507, 313 S.E. 2d 532 (1984).

In this case, the return of an indictment for first degree rape against defendant on 23 August 1982 triggered the running of the Speedy Trial Statute. Subsequent to defendant's indictment, the following motions were allowed by the trial court with the respective times excluded:

1. The defendant moved for a continuance from 30 August 1982 until 20 September 1982. By stipulation the parties have agreed to exclude this 21 day period from the computation.

2. The State moved to continue the trial from 20 September 1982 until 17 October 1982 for a period of 27 days on the grounds that the trial of other cases prevented the trial of this case during this session.

3. The State moved to continue the trial from 18 October 1982 until 14 November 1982 for a period of 27 days on the grounds that an essential witness for the State was absent or unavailable within the meaning of N.C. Gen. Stat. § 15A-701 (b)(3).

4. The State moved to continue the trial from 15 November 1982 until 2 January 1983 for a period of 49 days on the grounds that "Officer R. J. Harrison was unavailable due to

illness" and "State's witness, Patricia Jones, recently con-
ceived a child and was not available." [The record reveals
that Patricia Jones had recently given birth to a child.]

5. The State moved to continue the trial from 3 January 1983
until 30 January 1983 for a period of 27 days on the grounds
that the trial of other cases prevented the trial of this case
during this session.

6. The State moved to continue the trial from 7 February
1983 until 6 March 1983 for a period of 27 days on the
grounds that a material witness, i.e., Patricia Jones, was
unavailable.

An examination of the record reveals that a total of 211 days
elapsed between defendant's indictment on 23 August 1982 and
the commencement of his trial on 21 March 1983. Defendant con-
cedes that this 211 day period should exclude the 21 days
resulting from his 30 August 1982 request for a continuance. This
reduction leaves 190 days.

Pursuant to N.C. Gen. Stat. § 15A-701(b)(7), any period of
delay resulting from a continuance granted by a judge may be ex-
cluded in computing the time within which a criminal defendant's
trial must begin provided, however, the judge who grants the con-
tinuance finds "that the ends of justice served by granting the
continuance outweigh the best interests of the public and the
defendant in a speedy trial and sets forth in writing in the record
of the case the reasons for so finding. A superior court judge
must not grant a motion for continuance unless the motion is in
writing and he has made written findings as provided in this sub-
division."

In order to determine compliance with the Speedy Trial Act,
we must examine the continuances granted to the State. We
begin with the State's 15 November 1982 motion to continue
based on the unavailability of the State's material witnesses.
Trial Judge Wood found that R. J. Harrison, one of the two in-
vestigating officers, was unable to appear in court due to illness.
We cannot assume, as defendant would have us do, that Officer
Harrison's testimony was not essential to this case simply
because there were two investigating officers. Judge Wood ap-
propriately concluded that Officer Harrison was an essential

witness and that his illness presented a sufficient ground to grant the continuance. In accord with N.C. Gen. Stat. § 15A-701(b)(7), the trial judge found as a fact that "the ends of justice served by granting the continuance outweigh the best interests of the public and defendant in a speedy trial." Thus, we hold that the 49 day period, from the date of the order on 15 November 1982 until the beginning of the next criminal court session on 3 January 1983, was properly excluded.

Further, with regard to this 15 November 1982 motion, the State offered that another material witness, Patricia Jones had "recently conceived a child" and therefore, was also unavailable to testify. According to the evidence, Mrs. Jones gave birth to a son on 28 October 1982. We assume that the use of the word "conceived" was inadvertent and that the word "delivered" was intended. We believe that the trial court was justified in finding Mrs. Jones, who was the victim's mother, to be an essential witness in this case. Although her testimony may have been merely corroborative, the support and security she would have provided for her young seven-year-old daughter testifying before strangers would be immeasurable. There existed sufficient grounds on which the trial court could conclude that Mrs. Jones was genuinely unavailable.

At a hearing on the defendant's motion to dismiss for the State's failure to provide a speedy trial, the State again moved to continue the trial from 7 February 1983 until 6 March 1983 on the grounds that a material witness, to wit, Mrs. Patricia Jones, was unavailable. The district attorney related to the trial judge the great difficulty he was experiencing in getting this witness to cooperate. Accordingly, the court granted an excluded continuance "because of [the] unavailability of a material witness" and issued a material witness order for Mrs. Jones. We find the trial court made sufficient findings of fact upon which to base its order to continue. This period of 27 days was properly excluded from the speedy trial time limit.

We note, at this juncture, that the combination of the excluded periods of 49 and 27 days, which resulted from the two continuances examined previously, provides a total of 76 days of excludable time. Upon subtracting this 76 day period from the time within which the defendant's case was brought to trial, to

wit, 190 days, there remains exactly 114 days. With these exclusions, the State clearly complied with the statutory requirement of bringing a case to trial within the prescribed 120 days. Thus, it is not necessary that this Court pursue any further the written examination of the remaining continuances granted to the State. This assignment is overruled.

[2] Defendant next argues that he was deprived of his constitutional right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, Sec. 18 of the North Carolina Constitution.

The leading federal case on this constitutional guarantee is *Barker v. Wingo*, 407 U.S. 514, 33 L.Ed. 2d 101 (1972), which we cited with approval in *State v. Smith*, 289 N.C. 143, 221 S.E. 2d 247 (1976). We said in *Smith* that the following interrelated factors were to be considered in determining whether a defendant has been denied his constitutional right to a speedy trial: "(1) length of delay; (2) reason for the delay; (3) defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant resulting from the delay." *Id.* at 148, 221 S.E. at 250.

First, the delay's duration is not *per se* determinative of whether a violation has occurred. *State v. Hudson*, 295 N.C. 427, 245 S.E. 2d 686 (1978). This Court has held that a delay of twenty-two months is not of great significance but is merely the "triggering mechanism" that precipitates the speedy trial issue. *State v. Hill*, 287 N.C. 207, 214 S.E. 2d 67 (1975). We do not believe that, in this case, a delay of seven months, from the date of defendant's indictment to the commencement of his trial, in and of itself, constitutes an unreasonable or prejudicial delay.

The defendant carries the burden of demonstrating that the reason for the delay was due to the neglect or willfulness of the prosecution. *State v. Marlow*, 310 N.C. 507, 313 S.E. 2d 532 (1984). Our review of the record and briefs does not disclose, as defendant contends, evidence of intentional, capricious or oppressive delay. We further note that defendant failed to assert his constitutional right to a speedy trial at any time prior to or during trial. Defendant's motion to dismiss for failure of the State to provide him with a speedy trial, filed on 28 January 1983, was based solely on the North Carolina Speedy Trial Act and did not allege any violation of defendant's constitutional right. Because the

right to a speedy trial is a fundamental right under our State and Federal Constitutions, this Court has held that "failure to demand a speedy trial does not constitute a waiver of that right, but it is a factor to be considered." *Hill* at 212, 214 S.E. 2d at 71.

Finally and most importantly, we find that the defendant has failed to show any evidence of resulting prejudice. Defendant was not subject to any lengthy pre-trial incarceration, since he was released on bond the day of his arrest. Nothing in the record discloses that defendant's ability to present his defense has been in any way impaired by the delay. We conclude that no prejudice resulted. This assignment of error is without merit.

[3] Defendant contends that the trial court abused its discretion in admitting the testimony of the seven-year-old witness for the prosecution. In this connection, we find Justice Lake's words in *State v. Turner*, 268 N.C. 225, 150 S.E. 2d 406 (1966), regarding the competency of children to testify, to be applicable and noteworthy. We quote the relevant passage as follows:

> There is no age below which one is incompetent, as a matter of law, to testify. The test of competency is the capacity of the proposed witness to understand and to relate under the obligation of an oath facts which will assist the jury in determining the truth of the matters as to which it is called upon to decide. This is a matter which rests in the sound discretion of the trial judge in the light of his examination and observation of the particular witness. In the present case, the child was examined with reference to her intelligence, understanding and religious beliefs concerning the telling of a falsehood, all of which took place out of the presence of the jury. The record indicates that she was alert, intelligent and fully aware of the necessity for telling the truth.

*Id.* at 230, 150 S.E. 2d at 410.

The record discloses that the young witness, in the instant case, certainly knew the quality of truth. She stated during voir dire that she knew that God would "get" people who did not tell the truth, and that she would also get a spanking. Her answers to questions demonstrated a sufficient level of intelligence to give evidence and an understanding of the importance to tell the truth.

We find no basis for concluding that the trial court abused its discretion in ruling the child competent to testify.

[4] Defendant's final assignment of error concerns the trial court's denial of his motion to set aside the jury's verdict on the grounds that the State's evidence was insufficient, as a matter of law, to sustain a conviction. As this Court held in *State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977), such a motion is "addressed to the sound discretion of the trial judge whose ruling is not reviewable on appeal in absence of manifest abuse of discretion." We believe the trial court acted within its discretion in denying the defendant's motion to set aside the verdict since the record discloses ample evidence to support the jury's verdict. This assignment of error is overruled.

This defendant received a trial free of prejudicial error.

No error.