STATE OF NORTH CAROLINA v. MARVIN JULIUS McNEELY

No. 609A84

(Filed 5 September 1985)

1. **Witnesses § 1.2— competency of child as witness—no abuse of discretion in ruling**

    The trial court's ruling that a five-year-old prosecution witness was competent to testify was the result of a reasoned decision and thus not an abuse of discretion, notwithstanding the child's answers during the *voir dire* were somewhat vague and self-contradictory, where the child stated at points in her testimony that she knew what it meant to tell the truth and to tell a lie, that it was bad to tell a lie, and that she was going to tell the truth and was not going to tell a lie.

2. **Rape and Allied Offenses § 5— sexual offense with child—sufficiency of evidence**

    The State's evidence was sufficient to establish that defendant touched a five-year-old female child's sexual organs with his tongue so as to support his conviction of the sexual offense of cunnilingus on the child.

3. **Criminal Law § 165— jury argument—effect of failure to object**

    Failure of defendant to object at trial to the prosecutor's jury argument in a non-capital case waived alleged errors in such argument.

4. **Rape and Allied Offenses § 6.1— first degree sexual offense—submission of attempt not required**

    The trial court in a prosecution for the commission of a first degree sexual offense on a child did not err in failing to submit to the jury the offense of attempt to commit a first degree sexual offense where the State's evidence in the form of the child's testimony, if believed, was positive as to every element of the crime charged, and the only contrary evidence was defendant's mere denial of the charge.

    Justice BILLINGS did not participate in the consideration or decision of this case.

APPEAL by the defendant from judgment entered by *Judge F. Fetzer Mills* at the June 4, 1984 Criminal Session of Superior Court, CATAWBA County.

The defendant was tried on an indictment charging him with committing a first degree sexual offense. He entered a plea of not guilty. The jury found him guilty of first degree sexual offense, and he was sentenced to the mandatory term of life imprisonment by the trial court. The defendant appealed to the Supreme Court as a matter of right under N.C.G.S. 7A-27(a). Heard in the Supreme Court on May 16, 1985.

*Lacy H. Thornburg, Attorney General, by Eugene A. Smith, Senior Deputy Attorney General, and Thomas B. Wood, Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Robin E. Hudson, Assistant Appellate Defender, for the defendant appellant.*

MITCHELL, Justice.

The defendant has brought forward assignments of error in which he contends that the trial court abused its discretion by finding a five-year-old witness competent to testify, that the evidence presented was insufficient to support his conviction, that the prosecutor's closing argument was improper, and that the trial court committed plain error by failing to instruct on attempted first degree sex offense. These assignments and contentions are without merit.

The defendant was charged with the commission of the sexual offense of cunnilingus against a five-year-old child. The State's evidence tended to show that on February 2, 1984, Roberta Akers asked the defendant to take care of her eight-year-old daughter. Her daughter had invited the five-year-old victim and another child to spend the night with her. The three girls slept together in one large bed that night in a room next to the room where the defendant slept. During the night, the five-year-old went into the bedroom where the defendant was in bed. The defendant pulled down her panties and touched her genital area with his tongue. He then returned her to the bedroom where the other two little girls were sleeping.

The defendant testified. He acknowledged that the five-year-old girl came into his room and got in bed with him, but he denied engaging in any sexual acts with her. He said that he tried to get her to leave by pinching her. When she resisted he carried her back to the girls' bedroom. He also said that he and the mother of the five-year-old had argued two weeks prior to the incident.

[1] The defendant first assigns as error the trial court's ruling that the five-year-old prosecution witness was competent to testify. The test of competency is whether the witness understands the obligation of an oath or affirmation and has sufficient capacity to understand and relate facts which will assist the jury in reaching its decision. *State v. Higginbottom*, 312 N.C. 760, 324 S.E. 2d 834 (1985); *State v. Sills*, 311 N.C. 370, 317 S.E. 2d 379 (1984). There is no fixed age limit below which a witness is incompetent to testify. *State v. Jones*, 310 N.C. 716, 314 S.E. 2d 529 (1984); *State v. Oliver*, 302 N.C. 28, 274 S.E. 2d 183 (1981). The ruling on the competency of a witness is within the trial court's discretion. *Id.* A ruling committed to a trial court's discretion may be upset only when it is shown that it could not have been the result of a reasoned decision. *State v. Lyszaj*, 314 N.C. 256, 333 S.E. 2d 288 (1985); *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). The defendant has made no such showing in the present case.

The defendant contends that the child's statements at the *voir dire* hearing demonstrated her lack of competence as a witness. He argues that the child gave no indication that she could explain facts, was equivocal on her understanding of the difference between truth and falsehood, and did not show that she appreciated the importance of telling the truth.

In support of his argument the defendant points out that the child was unwilling to respond to any questions at all when the prosecutor first called her to the witness stand. After a break during which other witnesses testified, the child was recalled. At that time she was allowed over objection to sit in the lap of one of the other prosecution witnesses who had just testified. Even then the child failed to respond to the first several questions posed to her or to put her hand on the Bible as requested by the prosecutor.

The defendant also points out that the child's *voir dire* testimony was equivocal on the questions of whether she understood the difference between truth and falsehood or the importance of telling the truth. The following are pertinent excerpts of her testimony:

Q. Do you know what it means to tell the truth? Say that again. Yes or no.

A. Yes.

Q. Do you know what it means to tell a lie or a story? Say it again.

A. Yes.

Q. Is it good or bad to tell a lie?

A. Bad.

Q. What does your mama tell you about telling lies? What does your mama say about telling lies? Does she ever talk to you about that?

A. No.

Q. Has she ever punished you? Has she ever punished you for telling a lie?

A. No.

Q. Have you ever told a lie that she talked to you about?

A. No.

Q. Do you always tell the truth?

A. Yeah.

Q. Has anybody ever talked to you about what would happen to you if you didn't tell the truth?

A. No.

.  .  .  .

(ON *VOIR DIRE* CROSS EXAMINATION)

Q. Do you know what a story is [calling the child by name]?

State v. McNeely

A. No.

Q. Can you tell me what a story is?

A. I know what it means.

Q. Do you know what it means to tell the truth?

A. No.

. . . .

Q. Do you know what it means to tell a story?

(The witness moved her head from side to side.)

Q. What happens to you if you tell a story? Do you know what happens to you if you tell a story?

A. No.

Q. Have you ever told a story before to anybody?

A. No.

Q. So, have you ever been punished for telling a story?

A. I never told a story.

Q. Do you know what it means to tell the truth?

A. No.

. . . .

(ON *VOIR DIRE* REDIRECT)

Are you supposed to tell the truth?

A. Yes.

Q. Do you know why?

A. No.

Q. Do you know what a lie is?

A. No.

Q. When you don't tell the truth, do you know what happens?

A. No.

. . . .

Q. Do you understand that you are supposed to tell what happened?

A. Yeah.

Q. Do you understand that you're not supposed to say something that didn't happen?

A. No.

Q. Are you going to say anything that didn't happen?

A. Yes.

Q. Are you going to make up something?

A. No.

Q. Do you understand what making up stuff means?

A. No.

Q. If you don't tell exactly what happened, that's making up stuff. Do you understand that?

A. Yes.

Q. Yes or no.

A. Yes.

Q. If you don't tell exactly what happened that means to tell a story; do you understand that?

A. Yeah.

. . . .

Q. If you tell something that didn't happen that will be a lie. Do you understand that?

A. Yeah.

Q. Is it good or bad to tell a lie?

A. Bad.

Q. Are you goint [sic] to tell a lie?

A. No.

. . . .

(ON RECROSS)

Q. What happens to you if you tell a lie [calling the child by name]?

A. I don't know.

Q. You don't know.

A. (The witness moved her head from side to side.)

Q. Have you ever told any lies before?

A. No.

Q. Has your mother ever talked to you about the difference between telling the truth and telling a lie?

A. No.

. . . .

THE COURT: You going to tell the truth?

A. Yes.

The trial judge had the responsibility for determining in his discretion whether the child should be allowed to testify. His presence at the *voir dire* hearing allowed him to listen to the child's responses and to observe her demeanor first hand. From his observations, the trial judge found that

> this child does have the capacity to understand and relate under obligation of oath facts which will assist the jury in determining the truth with respect to the ultimate facts. And the Court further finds this child possesses sufficient mental capacity to testify as to the things which she observed and seen [sic] and has the mental capacit[y] to inform the jury of what she has heard and seen.

It is true that certain of the child's answers during the *voir dire* were somewhat vague and self-contradictory, just as might be expected of a little child of such tender years. *See State v. Robinson*, 310 N.C. 530, 313 S.E. 2d 571 (1984). Nevertheless, at points in her testimony she said quite clearly that she knew what it meant to tell the truth and to tell a lie and that it was bad to

tell a lie. She also said that she was going to tell the truth and was not going to tell a lie. Since the trial judge's discretionary ruling was supported by such evidence, the defendant has failed to show that the ruling could not have been the result of a reasoned decision. Therefore, we leave the ruling undisturbed.

[2]  In his second assignment of error, the defendant contends that the evidence was insufficient to support his conviction because the State did not adequately establish that he touched the child's sexual organs. This assignment is without merit.

The defendant was charged with the commission of the sexual offense of cunnilingus on the five-year-old child. This offense is defined as "stimulation by the tongue or lips of any part of a woman's genitalia." *State v. Ludlum*, 303 N.C. 666, 281 S.E. 2d 159 (1981). The child witness here testified in pertinent part as follows:

Q. Where did he touch you at?

A. Down here.

Q. Are you pointing to where you go to the bathroom?

A. (The witness moves her head up and down.)

MR. JONES: I'd like the record to indicate that your honor.

THE COURT: Let the record so indicate.

Q. What did Marvin touch you with?

A. His tongue.

The child's mother corroborated her by testifying that the child pointed "down there," and said that the defendant "went down there with his tongue and started licking her." Two police officers also testified that the child told them that the defendant "licked her popsicle," and that she pointed to her vagina when asked where her popsicle was. Such evidence was sufficient to take the case to the jury on the crime charged.

[3]  The defendant next assigns error to several parts of the prosecutor's closing argument to the jury. He contends that the prosecutor incorrectly stated the law and repeatedly commented on matters outside the record. The defendant did not object at

trial to any of the remarks of which he now complains. As this Court stated in *State v. Brock*, 305 N.C. 532, 536, 290 S.E. 2d 566, 570 (1982), in non-capital cases:

> Ordinarily, objection to the prosecuting attorney's jury argument must be made prior to the verdict for the alleged impropriety to be reversible on appeal. *State v. Smith*, 294 N.C. 365, 241 S.E. 2d 674 (1978); *State v. Williams*, 276 N.C. 703, 174 S.E. 2d 503 (1970) [death sentence vacated, 403 U.S. 948, 29 L.Ed. 860 (1971)]. Failure to object waives the alleged error. *Id.*

The defendant here was not charged with a capital offense. Since he failed to object at trial to the prosecutor's jury argument, he has waived these alleged errors.

[4] In his final assignment of error, the defendant contends that the trial court erred by failing to submit to the jury the offense of attempt to commit a first degree sex offense. He argues that such an instruction was warranted because the evidence did not clearly show what part of the child's body he touched. We do not agree.

It is well established that the trial court need "submit and instruct the jury on a lesser included offense when, and only when, there is evidence from which the jury could find that defendant committed the lesser included offense. *State v. Boykin*, 310 N.C. 118, 121, 310 S.E. 2d 315, 317 (1985). But if "the State's evidence is positive as to every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged, the trial court is not required to submit and instruct the jury on any lesser included offense." *Id.* Further, "mere denial of the charges by defendant does not entitle the defendant to the submission of a lesser included offense." *State v. Horner*, 310 N.C. 274, 283, 311 S.E. 2d 281, 288 (1985). Here, the State's evidence in the form of the child's testimony, if believed, was positive as to every element of the crime charged. Since the only evidence to the contrary was the mere denial of the charges by the defendant, the defendant was not entitled to the submission of a lesser included offense. The assignment of error is without merit.

No error.

Justice BILLINGS did not participate in the consideration or decision of this case.