STATE OF NORTH CAROLINA v. BEVERLY ELAINE JENKINS

STATE OF NORTH CAROLINA v. RAY JENKINS

No. 8630SC686

(Filed 30 December 1986)

1. **Criminal Law § 92.2— indecent liberties with children—two defendants—multiple counts—joinder proper**

    The trial court did not abuse its discretion by joining the cases of two defendants charged with taking indecent liberties with children where defendants were husband and wife; the sexual abuse was committed upon four young children for whom Ms. Jenkins was babysitting; Ms. Jenkins was present at all times, including both times Mr. Jenkins committed his offenses; the defendants' defenses were not antagonistic; the trial judge made it clear to the jury that there were six separate offenses; and defendants did not ask for other limiting instructions. N.C.G.S. § 15A-926(b)(2).

2. **Witnesses § 1.2; Rape and Allied Offenses § 19— indecent liberties with children—four-year-old witness—competent**

    The trial court did not err in a prosecution for taking indecent liberties with a minor by allowing the testimony of one of the victims, a four-year-old girl. N.C.G.S. § 8C-1, Rule 601(b).

3. **Criminal Law §§ 101.4, 163— testimony read to jury—objection after jury retired—not considered on appeal**

    The action of a trial judge in allowing testimony to be read back to the jury could not be reviewed on appeal where defense counsel did not object until after the testimony had been read and the jury had gone out. The judge gave defense counsel ample opportunity to object before the testimony was read.

4. **Criminal Law § 50.1; Rape and Allied Offenses § 4— indecent liberties with children—opinion of expert on credibility of specific witnesses—inadmissible**

    The trial court committed prejudicial error in a prosecution for taking indecent liberties with children by allowing a child psychologist to give his expert opinion as to the credibility of two specific witnesses where the State's case was based in large part on the credibility of the children; *State v. Raye*, 73 N.C. App. 273, in which an expert witness testified that he did not believe children lied about sexual abuse, referred only to children in general. N.C.G.S. § 8C-1, Rule 405(a) and 608(a).

    Judge COZORT concurs in the result.

APPEAL by defendants from *Gaines, Judge.* Judgments entered 7 February 1986 and 17 March 1986 in Superior Court, MACON County. Heard in the Court of Appeals 30 October 1986.

Defendant Beverly Elaine Jenkins was charged in proper bills of indictment with four counts of taking indecent liberties with children, in violation of G.S. 14-202.1. Defendant Ray Jenkins was charged in proper bills of indictment with two counts of taking indecent liberties with children, in violation of G.S. 14-202.1. All cases and both defendants were joined for trial. Both defendants were found guilty as charged. From judgments imposing prison sentences of a total of twelve years for Ms. Jenkins and a total of six years for Mr. Jenkins, defendants appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Ellen B. Scouten, for the State.*

*Smith, Bonfoey & Queen, by Frank G. Queen and Thomas W. Jones, for defendants, appellants.*

HEDRICK, Chief Judge.

[1] Defendants first contend that the trial court committed prejudicial error in joining the cases of the two defendants. Defendants argue that the joinder served to "confuse the issues or mislead the jury." Defendants claim that the joinder did not meet the standard established by statute. G.S. 15A-926(b)(2) sets forth the grounds for a motion by the State for joining the cases of multiple defendants:

a. When each of the defendants is charged with accountability for each offense; or

b. When, even if all of the defendants are not charged with accountability for each offense, the several offenses charged:

1. Were part of a common scheme or plan; or

2. Were part of the same act or transaction; or

3. Were so closely connected in time, place, and occasion that it would be difficult to separate proof of one charge from proof of the others.

The decision whether to try defendants separately or jointly is ordinarily within the sound discretion of the trial judge and, absent an abuse of that discretion, will not be overturned on appeal. *State v. Boykin*, 307 N.C. 87, 296 S.E. 2d 258 (1982). Public policy

strongly favors consolidation because it expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once. *Id.* at 91-92, 296 S.E. 2d at 261. This last factor is especially compelling when the trials involve young children testifying about sexual abuse. In view of these policy considerations, the trial judge's ruling shall not be disturbed absent a showing that joinder would hinder or deprive the defendant of his ability to present his defense. *State v. Newman*, 308 N.C. 231, 302 S.E. 2d 174 (1983).

In the present case, defendants are husband and wife. The sexual abuse in issue was committed upon four young children whom Ms. Jenkins was babysitting in the Jenkins' home. Ms. Jenkins was present at all times, including both times Mr. Jenkins committed his offenses. Under these facts, the trial judge could certainly have made a reasoned decision that there was a common scheme or plan, namely a scheme on the part of the Jenkinses of gratifying their sexual desires on the children they took in to babysit. The defendants' defenses were not antagonistic. The trial judge made it clear to the jury that there were six separate offenses, and defendants did not ask for any other limiting instructions. Under these circumstances, we cannot find that the trial judge abused his discretion in joining the cases of these defendants.

[2]  Defendants next contend that the trial court erred to their prejudice in allowing one of the victims, a four-year-old girl, to testify. Defendants argue that she was not qualified to testify because it appeared from the *voir dire* that she did not understand the duty of a witness to tell the truth. Defendants further contend that since this evidence is incompetent, there is insufficient evidence to convict Mr. Jenkins of the offense concerning that particular victim. This is the relevant portion of the *voir dire* of this witness:

DIRECT EXAMINATION BY MS. SCOUTEN

. . .

Q. Do you know what the Bible is?

A. Jesus.

Q. Do you go to Sunday school?

A. (shakes head)

Q. Do you go to church?

A. (nods head)

Q. Now, speak in the microphone and answer. Do you go to church?

A. Yeah.

Q. Do you know what church you go to? The name of it?

A. No.

Q. Who do you go to church with?

A. Mommy and daddy.

Q. Do you know what it means to tell the truth?

A. (shakes head)

Q. What happens to you if you don't tell the truth?

MR. JONES: Objection.

Q. What happens to you if you tell a lie?

THE COURT: Overruled.

A. You get a spanking.

Q. Do you know that in court you're supposed to tell the truth?

A. Yeah.

Q. Are you going to tell the truth?

A. Yeah.

Q. Those are all the qualifying questions, Your Honor.

. . .

CROSS EXAMINATION BY MR. JONES

Q. [Name], can I ask you a question?

A. Yeah.

Q. Do you know what it means to tell the truth?

A. No.

Q. You don't?

A. (shakes head)

Q. Do you know what it means to tell a lie?

A. No.

Q. And you don't understand what it means to tell the truth?

A. No.

Q. That's all the questions I have.

EXAMINATION BY MS. SCOUTEN

Q. [Name], what color is this book?

A. Red.

Q. And if I told you this was a black book, what would that be?

A. I don't know.

Q. Would it be the truth or would it be a lie?

A. It would be the truth.

Q. If I told you this was black? Is this book black?

A. No.

Q. What color is it?

A. Red.

Q. Has your mother talked to you about telling the truth?

A. No.

Q. You learn in church about where you go when you're a good girl?

A. Yeah.

Q. Where do you go when you're a good girl?

A. To church.

Q. If you're a bad girl, what happens to you?

A. You don't.

Q. You don't what?

A. You don't go to church.

Q. Okay, you don't go to church. And if you tell a lie what happens to you?

A. Get a spanking.

G.S. 8C-1, Rule 601(b) sets out the applicable test of competency for a witness: "A person is disqualified to testify as a witness when the court determines that he is . . . (2) incapable of understanding the duty of a witness to tell the truth." This rule made no change in existing law. 1 H. Brandis, *Brandis on North Carolina Evidence* Sec. 55 (1986 Supp.). There is no age below which one is incompetent, as a matter of law, to testify. The test of competency is the capacity of the proposed witness to understand and to relate under the obligation of an oath facts which will assist the jury in determining the truth. This is a matter which rests in the sound discretion of the trial judge in the light of his examination and observation of the particular witness. *State v. Jones*, 310 N.C. 716, 314 S.E. 2d 529 (1984). By far, the vast majority of cases in which a child witness' competency has been addressed have resulted in the finding, pursuant to an informal *voir dire* examination of the child before the trial judge, that the child was competent to testify. *State v. Fearing*, 315 N.C. 167, 337 S.E. 2d 551 (1985). In *State v. McNeely*, 314 N.C. 451, 333 S.E. 2d 738 (1985), for example, the trial court's finding of competency was upheld even though the child gave these responses:

Q. Do you know what it means to tell the truth?

A. No.

. . .

Q. Are you going to say anything that didn't happen?

A. Yes.

*Id.* at 455-56, 333 S.E. 2d at 741. In *State v. Jones,* 310 N.C. 716, 314 S.E. 2d 529 (1984) the Court cited as evidence of competency that the child knew that if she did not tell the truth she would get a spanking. In *State v. Cooke,* 278 N.C. 288, 179 S.E. 2d 365 (1971) the Court found a child competent to testify, holding that "[c]onflicts in the statements by a witness affect the credibility of the witness, but not the competency of the testimony." *Id.* at 291, 179 S.E. 2d at 368 (citations omitted). Based on these standards, we cannot find that the trial judge abused his discretion in allowing the child to testify in the present case.

Direct examination of this child included the following exchange:

Q. What did [defendant] Ray [Jenkins] do to you?

A. He touched my private pops too.

We cannot find that there was insufficient evidence to convict Mr. Jenkins of the charge concerning this child.

[3] Defendants next contend that the trial court erred to their prejudice in allowing the testimony of this victim to be read back to the jury, upon a juror's request. Defendants argue that the reading strengthened and over-emphasized her testimony.

After the jury had deliberated for two hours, the jurors asked for a lunch break. They had not reached a verdict. A juror asked if it would be possible to have this victim's testimony read back to them. The judge said he would think about it and let them know after lunch. After lunch, he announced that, in his discretion, he was going to let the reporter read back the requested testimony. He asked counsel if they had "[a]nything further." Defense counsel responded, "Not at this time, Your Honor." The reporter read the testimony. After the jury went out to deliberate, defense counsel said, "For the record the defendants would object and except to the Court's Order allowing the re-reading of the transcript of the testimony of [name]."

This objection came too late. *See State v. Payne*, 280 N.C. 170, 185 S.E. 2d 101 (1971). The judge gave defense counsel ample opportunity to object before the testimony was read, and he did not do so. Thus, we cannot review the judge's action.

[4]   Defendants next contend that the trial court committed prejudicial error in allowing Dr. Jerry Alan Coffey, a child psychologist, to give his expert opinion as to whether children lie about sexual abuse. Defendants argue that this sort of testimony is prohibited by 8C-1, Rules 405(a) and 608(a). The disputed testimony is as follows:

Q. Do you have an opinion as to whether when [Name #1] states that an adult female, Beverly Jenkins, has tied him in a chair naked, and has touched his private parts, can he be making these things up?

A. Yes I have an opinion.

Q. What is that opinion?

A. My opinion is that he is not making up the—if he has said that he has been sexually abused, he is not making that up. Children do not lie about sexual abuse. They sometimes lie about physical abuse, but the data that we have available says that they don't lie about that.

MR. JONES: Move to strike.

THE COURT: Denied.

. . .

Q. [D]o you have an opinion as to whether when [Name #2] states that Beverly Jenkins touched his private parts whether [Name #2] is making these things up?

A. Based upon, again, experience with children in these matters in general and research that I'm familiar with, it is my opinion that he is very very unlikely to be making those things up. That he is making—let me rephrase that by explaining that children sometimes do have difficulty with specifics about what has happened to them, but they rarely have—they rarely lie about the fact that that—something of that nature occurred.

The propriety of these questions had been discussed on *voir dire*, and when the trial court made its ruling that the prosecutor could ask these questions, defense counsel entered a standing objection to them.

Rule 405(a) of the North Carolina Rules of Evidence provides in pertinent part that "[e]xpert testimony on character or a trait of character is not admissible as circumstantial evidence of behavior." Rule 608(a) provides in pertinent part that "[t]he credibility of a witness may be attacked or supported by evidence in the form of reputation or opinion as provided in Rule 405(a), . . ." The commentary to Rule 608 states that "[t]he reference to Rule 405(a) is to make it clear that expert testimony on the credibility of a witness is not admissible." Rules 405(a) and 608(a), read together, forbid an expert's opinion testimony as to the credibility of a witness. *State v. Chul Yun Kim*, 318 N.C. 614, 350 S.E. 2d 347 (1986). This rule applies to child witnesses as well as adults. *Id.*

Dr. Coffey's testimony in the present case is clearly expert testimony as to the credibility of the two young witnesses to which he referred. The court, therefore, erred in allowing it. This situation is to be distinguished from that in *State v. Raye*, 73 N.C. App. 273, 326 S.E. 2d 333 (1985) where the following testimony by an expert witness was found by this Court to be properly admitted:

Q. Are you saying from your practice in your particular profession children don't fantasize?

A. [Dr. Ponzi:] Not to that extent. . . . I do not believe children will lie concerning sexual abuse. . . . I don't believe they make up stories along those lines.

*Id.* at 276, 326 S.E. 2d at 335. This testimony referred only to children in general, whereas the testimony in the present case refers in part to individual witnesses.

Under G.S. 15A-1443(a), an error is prejudicial to defendant when there is a "reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." The evidence against Ms. Jenkins is strong, but not overwhelming. As in *State v. Chul Yun Kim*, 318 N.C. 614, 350 S.E. 2d 347 (1986), only the victims and the defendant purported to have first-hand knowledge

of whether or not the illegal acts actually had occurred, and the testimony of the victims conflicted absolutely with that of Ms. Jenkins. Therefore, the State's case against her is based in large part on the credibility of these children. Under these circumstances we must conclude that there is a reasonable possibility that a different result would have been reached at trial had Dr. Coffey not been allowed to testify that these children were telling the truth.

For the foregoing reasons, we hold that defendant Beverly Jenkins is entitled to a new trial in Case No. 85CRS2510 and in Case No. 85CRS2513. In the other four cases, we hold that defendants had a fair trial, free from prejudicial error.

New trial in Case Nos. 85CRS2510 and 85CRS2513.

No error in Case Nos. 85CRS2511, 85CRS2512, 85CRS2514, and 85CRS2515.

Judge MARTIN concurs.

Judge COZORT concurs in the result.