STATE v. WILLIAMS

[145 N.C. App. 472 (2001)]

———

STATE OF NORTH CAROLINA v. STANLEY LORENZO WILLIAMS

No. COA00-658

(Filed 7 August 2001)

**1. Search and Seizure— cocaine defendant found in cellar— search of cellar**

The trial court did not err by denying a defendant's motion to suppress cocaine seized from a cellar where an officer responded to a domestic call from a woman who reported that she had previously sworn out a warrant for defendant's arrest for assaulting her and that defendant was in the cellar of the house they shared; officers approached the cellar and called for defendant to come out; he came up the steps with his hands up within a few seconds; officers arrested him for assault on a female, placed him in the custody of another officer, and searched the cellar; and they found broken crack pipes, marijuana, $3,641 in a bank bag in a hole in the duct work, and a plastic bag containing rocks of cocaine that was partially covered by dirt. The officers had the consent of the woman living in the house with defendant and were in a place they had a right to be to conduct a search incident to arrest.

STATE v. WILLIAMS

[145 N.C. App. 472 (2001)]

**2. Criminal Law— speedy trial—no prejudice**

The trial court did not err by refusing to dismiss cocaine charges based upon failure to provide a speedy trial where the trial court properly determined that defendant suffered no prejudice.

**3. Drugs— destruction of evidence after initial plea agreement—no prejudice**

A cocaine defendant did not establish prejudice from the destruction of the drug evidence after a plea agreement which was later set aside. The record indicates that defendant was only seeking to confirm by independent analysis the weight and composition of the substance found in plastic bags in the cellar where he was found and the State introduced a lab report without objection.

Appeal by defendant from judgment entered 3 September 1999 by Judge W. Erwin Spainhour in Cabarrus County Superior Court. Heard in the Court of Appeals 25 April 2001.

*Attorney General Michael F. Easley, by Special Deputy Attorney General George W. Boylan, for the State.*

*Hartsell, Hartsell & White, P.A., by H. Jay White, for defendant-appellant.*

WALKER, Judge.

Defendant was convicted of possession with intent to sell and deliver cocaine and being an habitual felon. The State's evidence tended to show the following: On 9 February 1998, Office Todd Harrington (Harrington) with the Kannapolis Police Department (police department) responded to a domestic call from Wendy Shackleford (Shackleford) who reported that she had previously sworn out a warrant for defendant's arrest for assaulting her. She further stated that defendant had just left the house where they lived together and that he had drugs and several thousand dollars in his possession. After Harrington arrived at Shackleford's residence, he waited awhile and then drove around. He was waved down by Shackleford who informed him that defendant was in the cellar of the house which was referred to as a basement. The cellar was approximately ten feet by fifteen feet in size and rested on a cement slab. It appeared to be for storage and not for living purposes. It was acces-

sible only from the outside by steps leading down a narrow stairway from the yard at the rear of the house.

Harrington called Officer Harrison (Harrison) from the police department for assistance. When Harrison arrived, both officers drew their weapons, approached the cellar and called for defendant to come out. Within a few seconds, defendant came up the cellar steps to the door with his hands up. The officers arrested him for assault on a female and placed him in the custody of another officer who had arrived.

Harrington and Harrison then searched the area of the cellar where they observed the following items: broken crack pipes; an unsmoked marijuana joint on top of a hot water heater; $3,641.76 in cash in a bank bag secured in a hole in the ceiling duct work; and a plastic bag partially covered by dirt containing 70 individually wrapped rocks of cocaine. Harrington and Harrison next exited the cellar and advised defendant that he was also being charged with possession of cocaine.

[1] Defendant first assigns error to the trial court's denial of his motion to suppress evidence of the cocaine seized from the cellar. He contends that because the cocaine was obtained during a search without a warrant or probable cause, its admission at trial violated his constitutional rights.

At the outset, we note "[o]ur review of a denial of a motion to suppress is limited to determining whether the trial court's findings of facts [sic] are supported by competent evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law are legally correct." *State v. Trapp*, 110 N.C. App. 584, 587, 430 S.E.2d 484, 486 (1993).

Our Supreme Court has held " '[a] governmental search and seizure of property unaccompanied by prior judicial approval in the form of a warrant is per se unreasonable unless the search falls within a well-delineated exception to the warrant requirement.' " *State v. Hardy*, 339 N.C. 207, 226, 451 S.E.2d 600, 610 (1994), *quoting State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 620 (1982). One such exception is a search made incident to an arrest when limited "to the area from which the arrested person might have obtained a weapon or some item that could have been used as evidence against him." *State v. Cherry*, 298 N.C. 86, 92, 257 S.E.2d 551, 556 (1979), *cert. denied*, 446 U.S. 941, 64 L. Ed. 2d 796 (1980) (citations omitted). For

example, "[a] warrantless search of a dwelling following an arrest outside the dwelling will be upheld where the circumstances provide the arresting officers with reason to believe that a serious threat to their safety is presented." *State v. Taylor*, 298 N.C. 405, 416, 259 S.E.2d 502, 509 (1979), *citing McGeehan v. Wainwright*, 526 F.2d 397 (5th Cir.), *cert. denied*, 425 U.S. 997, 48 L. Ed. 2d 823 (1976). Another exception exists when the law enforcement searches by the consent of third party with " '. . . common authority over or other sufficient relationship to the premises or effects sought to be inspected.' " *State v. Barnett*, 307 N.C. 608, 615-16, 300 S.E.2d 340, 344 (1983), *quoting United States v. Matlock*, 415 U.S. 164, 171, 39 L. Ed. 2d 242, 250 (1974). Under any one of these exceptions, "whether a search and seizure is unreasonable must be determined upon the facts and circumstances surrounding each individual case." *Cherry* at 92-93, 257 S.E.2d at 556 (citation omitted).

Defendant contends Harrington and Harrison's search of the cellar was unlawful and unreasonable for the following reasons: (1) the cellar was a "small area" which did not require a "thorough search[;]" (2) "the only thing the officers were able to do upon entering the cellar would be to observe if anyone were hiding" there; and (3) defendant was handcuffed outside the cellar at the time the cellar was searched.

In its order denying defendant's motion to suppress, the trial court made extensive findings and conclusions. It found that Harrington and Harrison made a protective sweep of the cellar to make certain that no one else was there. Based on the findings, the trial court concluded in part:

1. [Harrington and Harrison] acted prudently and properly in entering the cellar immediately after taking custody of the defendant pursuant to a lawful arrest. The officers were legally justified in making a protective sweep of the cellar from which the defendant had emerged to make certain that no one else was hiding there with a weapon, particularly since this occurred at 3:45 o'clock A.M. Therefore, exigent circumstances existed which justified, for the protection of the officers, a limited warrantless search of the cellar area of the house. If someone else did live in the cellar, as contended by the defendant, then this fact would add further weight to the justifiable concern of the investigating officers for their own safety, and therefore give additional justification for immediately entering the cellar.

The trial court also concluded that Harrington had obtained consent to enter the cellar from Shackleford, since she and defendant lived at this residence. The trial court further concluded that Shackleford "clearly wanted [Harrington] to enter the [cellar], and therefore he entered the limited area in question with the permission of an occupant of the house."

The exceptions to the search warrant requirement were established in that the officers were in a place where they had a right to be with the consent of Shackleford to conduct a search incident to arrest. The trial court found that all of the items of evidence were located as a result of "a cursory examination of the cellar within five minutes or less." The trial court's findings and conclusions support its decision to deny defendant's motion to suppress the evidence seized from the cellar.

[2]  Defendant next assigns error to the trial court's refusal to dismiss the charges based on the failure of the State to provide him a speedy trial. He contends his constitutional rights have been violated pursuant to our Supreme Court's decision in *State v. Jones*, 310 N.C. 716, 314 S.E.2d 529 (1984), and the following facts in this case: (1) defendant filed a motion for a prompt trial on 4 May 1999; however, his trial did not begin until one hundred and twenty days later; and (2) the trial date of 30 August 1999 was eight months after a new trial had been ordered.

In *Jones*, our Supreme Court utilized the following four-pronged test for deciding whether a defendant has been deprived of his constitutional right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) the prejudice to defendant resulting from the delay. *Jones* at 721, 314 S.E.2d at 532-33, *quoting State v. Smith*, 289 N.C. 143, 148, 221 S.E.2d 247, 250 (1976). *See also Barker v. Wingo*, 407 U.S. 514, 33 L. Ed. 2d 101 (1972). Defendant thus asserts that in addition to the significant length of his delay, this Court should consider the actions he took to shorten the delay by filing motions for a speedy trial, the prejudice the delay caused him by disrupting his employment, finances, status in society and freedom. Further, defendant asserts his inability to defend himself by reason of the delay since drug evidence in the initial trial was destroyed by court order.

The burden is on the defendant to show the reason for the delay of trial was the neglect or willfulness of the prosecution. *State v.*

*Marlow*, 310 N.C. 507, 521, 313 S.E.2d 532, 541 (1984). Here, the trial court found defendant had initially entered a plea to charges; however, his plea agreement was set aside. He was later tried on unrelated charges in May 1999 and had been in custody since then. We also note the length of time a defendant's trial was delayed, standing alone, is not sufficient in this State to constitute unreasonable delay. *See State v. Kivett*, 321 N.C. 404, 364 S.E.2d 404 (1988) (holding that delay of four hundred and twenty-seven days, standing alone, is insufficient to constitute unreasonable delay). Here, the trial court properly determined that defendant suffered no prejudice, as he "offered no evidence as to any possible detriment" by reason of the trial not being set until 30 August 1999.

[3] Defendant next assigns as error the destruction of the drug evidence ordered by the trial court following his initial plea agreement to the charges. Defendant contends this action deprived him of the right to have the evidence tested by an impartial testing agency and "confirm the conclusions reached by the State Bureau of Investigation's officer who testified for the State."

Defendant points to the United States Supreme Court's ruling in *California v. Trombetta*, 467 U.S. 479, 81 L. Ed. 2d 413 (1984), in which it held the State must preserve "evidence that might be expected to play a significant role in the suspect's defense." *Id.* at 488, 81 L. Ed. 2d at 422. That case further held the evidence must: (1) "possess an exculpatory value that was apparent before the evidence was destroyed" and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 489, 81 L. Ed. 2d at 422.

The record indicates defendant was only seeking to confirm by independent analysis the weight and composition of the substance found to be cocaine in the plastic bags seized from the cellar. At trial, the State introduced the lab report without objection which established the weight of the contents and identified it as cocaine. Defendant has failed to establish how he has been prejudiced by the trial court's denial of his motion. *See State v. Anderson*, 57 N.C. App. 602, 609, 292 S.E.2d 163, *disc. review denied*, 306 N.C. 559, 294 S.E.2d 372 (1982). This assignment of error is therefore overruled.

We have carefully considered defendant's remaining assignment of error and find it to be without merit.

In sum, defendant received a fair trial free of prejudicial error.

No error.

Judges HUNTER and TYSON concur.