STATE OF NORTH CAROLINA v. LEONARD D. AVERY

No. 8814SC1283

(Filed 19 September 1989)

1. **Criminal Law § 91.9— Speedy Trial Act—resentencing—not applicable**

    The Speedy Trial Act, N.C.G.S. § 15A-701 *et seq.*, did not apply where defendant was sentenced for multiple offenses, the Supreme Court vacated convictions on two of the offenses

and remanded for resentencing, the judgment of the Supreme Court was certified to the Durham County Superior Court on 30 December 1985, and the resentencing hearing was held on 13 June 1988. The language of the statute clearly applies to a new trial and does not address resentencing.

2. **Constitutional Law § 50— speedy trial—resentencing—no violation**

Although the Sixth Amendment guarantee of a speedy trial extends to the sentencing phase of a criminal prosecution and the factors in *Barker v. Wingo*, 407 U.S. 514, apply for determining unreasonable delay, this defendant's constitutional rights were not violated where two of his convictions were remanded for resentencing on 30 December 1985 and the resentencing hearing was held on 13 June 1988. Length of delay is merely viewed as the triggering mechanism that precipitates the speedy trial issue and its significance in the balance is not great; the State attributed the delay to its efforts to schedule the action at a time when it was convenient for all parties, including the judge who originally sentenced defendant; there was no evidence of neglect or willfulness on the part of the prosecution; defendant conceded his failure to assert his right to a speedy trial; and defendant was already incarcerated pursuant to a sentence of life imprisonment and other consecutive sentences totalling sixty-nine years and showed no prejudice resulting from the delay.

APPEAL by defendant from *Lee, Judge*. Order entered 14 June 1988 in Superior Court, DURHAM County. Heard in the Court of Appeals 23 August 1989.

In an opinion filed on 10 December 1985 the Supreme Court affirmed the conviction of the defendant on several offenses whose punishment included a sentence of life imprisonment and other consecutive sentences totalling sixty-nine (69) years. In the same opinion the Supreme Court vacated the defendant's conviction of two counts of assault with a firearm upon a law enforcement officer. After determining that the jury had found facts which would support the defendant's conviction of the lesser included offense of assault with a deadly weapon, the Supreme Court remanded the two cases for resentencing only on the two charges. The judgment of the Supreme Court was certified to the Durham County Superior Court on 30 December 1985. At the resentencing hearing on 13

June 1988, the defendant moved to dismiss the charges on the ground that the two and one-half year delay awaiting resentencing violated his statutory and constitutional rights to a speedy trial. The trial judge found that the North Carolina Speedy Trial Act, G.S. 15A-701 *et seq.*, did not apply to resentencing and that the defendant's constitutional rights to a speedy trial were not violated by the delay in resentencing defendant. The trial court sentenced defendant to two consecutive two year sentences. Defendant appeals.

*Attorney General Thornburg, by Associate Attorney General Debra C. Graves, for the State.*

*Thomas F. Loflin, III, for defendant-appellant.*

EAGLES, Judge.

[1]    Defendant assigns as error the trial court's conclusion that as a matter of law the North Carolina Speedy Trial Act, G.S. 15A-701 *et seq.*, did not apply to resentencing delays and that the defendant's constitutional rights were not violated by the delay. We find no prejudicial error.

We note that the Speedy Trial Act, G.S. 15A-701 *et seq.*, created "new rights, supplemental to the speedy trial rights existing under the Sixth Amendment to the United States Constitution." *State v. Reekes*, 59 N.C. App. 672, 677, 297 S.E.2d 763, 766, *cert. denied*, 307 N.C. 472, 298 S.E.2d 693 (1982). The defendant argues that G.S. 15A-701(a1)(5) which would entitle him to a new trial "within 120 days from the date the action occasioning the new trial becomes final following an appeal or collateral attack," should also apply to resentencing.

The language of the statute clearly applies to a new *trial* after either remand from a higher court or collateral attack. The statute does not address resentencing. Since the statute is merely supplemental to a person's constitutional right to a speedy trial and there is no indication that the language of the statute was intended to be construed to encompass a resentencing hearing, we hold that the trial court was correct in concluding that as a matter of law G.S. 15A-701(a1)(5) does not apply here. Parenthetically, we note that effective 1 October 1989 the 1989 General Assembly repealed Article 35 of Chapter 15A (G.S. 15A-701 through 15A-704). 1989 S.L. Ch. 688, s. 1.

[2]   The defendant next assigns as error the trial judge's deter-
mination that he was not deprived of his constitutional right to
a speedy trial as guaranteed by the Sixth and Fourteenth Amend-
ments to the United States Constitution and Article I, Section
18 of the North Carolina Constitution. The Sixth Amendment to
the United States Constitution provides that "[i]n all criminal prose-
cutions the accused shall enjoy the right to a speedy and public
trial. . . ." U.S. Const. Amend. VI. "The Speedy Trial clause is
applicable to state trials as a part of the due process required
by the Fourteenth Amendment." *Burkett v. Cunningham*, 826 F.2d
1208, 1219 (3d Cir. 1987), *quoting Klopfer v. North Carolina*, 386
U.S. 213, 226, 87 S.Ct. 988, 995, 18 L.Ed.2d 1, 8 (1967).

Similarly, Article I, Section 18 of the North Carolina Constitu-
tion provides that "all courts shall be open to every person . . .
without favor, denial or delay." N.C. Const., Art. I, Section 18.
There is no definitive holding in this state which provides that
the constitutional right to a speedy trial also encompasses a re-
sentencing hearing. The United States Supreme Court in *Pollard
v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957),
did not decide the issue but merely assumed "arguendo that sentence
is a part of the trial for purposes of the Sixth Amendment." *Id.*
at 361, 77 S.Ct. at 486, 1 L.Ed.2d at 399. In *Pollard*, the court
further noted that "[t]he time for sentence is of course not at
the will of the judge and that Rule 32(a) of the Federal Rules
of Criminal Procedure required the imposition of sentence 'without
unreasonable delay.' " *Id., quoting* Fed. R. Crim. P. 32(a).

In *Pollard*, the defendant was given probation after he em-
bezzled a United States Treasury check while eligible for parole
on a prior conviction. The trial judge imposed the probation after
the defendant had left the courtroom, and the defendant learned
about the probationary period after his release from state prison
for the prior conviction. After violating the terms of his probation,
the trial judge set aside the judgment and order of probation and
sentenced the defendant to two years imprisonment. The defendant
appealed the conviction on the grounds that the sentence was im-
posed for violating an invalid probation order. After an unsuccessful
appeal, the defendant appealed to the United States Supreme Court.
The Court affirmed the defendant's conviction noting that the
deprivation of rights depends upon the circumstances and that
the delay must not be purposeful. *Id.* at 361, 77 S.Ct. at 486, 1
L.Ed.2d at 399. The Court stated that the prosecution's omission

was "accidental and promptly remedied when discovered." *Id.* There was no violation of the Sixth Amendment or of Rule 32(a). *Id.* at 362, 77 S.Ct. at 486, 1 L.Ed.2d at 400.

Though not required by *Pollard*, we believe that the Sixth Amendment guarantees of a speedy trial extend to the sentencing phase of a criminal prosecution. Further, we believe that for North Carolina sentencing proceedings, the factors to be utilized in determining unreasonable delay in sentencing or resentencing are those articulated in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker*, the defendant, Barker, and Silas Manning were arrested for the murder of two elderly people. Since the state felt that its case against Barker would be strengthened by first convicting Manning, who could then testify against Barker, the state sought and obtained sixteen continuances of Barker's trial. After the state moved for its twelfth continuance, Barker moved to dismiss the indictment. Nevertheless, the court allowed the twelfth and subsequent continuances. At trial, Barker unsuccessfully moved to dismiss the indictment on the grounds that his right to a speedy trial had been denied. Barker was convicted and later appealed. *Id.* at 519, 92 S.Ct. at 2186, 33 L.Ed.2d at 110.

When determining whether the delay in bringing Barker to trial had been unreasonable, the U.S. Supreme Court listed the following factors to be weighed: 1. the length of delay; 2. the reason for the delay; 3. the defendant's assertion of his right; and 4. prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. "These factors were adopted as the standard under North Carolina constitutional law." *State v. Bare*, 77 N.C. App. 516, 335 S.E.2d 748 (1985), *cert. denied*, 315 N.C. 392, 338 S.E.2d 881 (1986). *See id.*, *State v. Smith*, 289 N.C. 143, 221 S.E.2d 247 (1976), and cases cited therein. We believe they apply with equal vigor to sentencing and resentencing proceedings.

In *Smith*, the defendant moved to dismiss murder charges against him on the grounds that his constitutional right to a speedy trial had been denied. The court determined that the *Barker* balancing test presented interrelated factors for determining if the defendant's constitutional rights had been violated. The court also stated that "the question whether a defendant has been denied a speedy trial must be answered in light of the facts in the particular case and that the burden is on an accused who asserts the denial of his right to a speedy trial to show that the delay

was due to neglect or willfulness of the prosecution." *Id.* at 148, 221 S.E.2d at 250.

While we agree with defendant that the *Barker* factors as discussed in *Smith, supra,* apply equally to delay in resentencing cases, we disagree with defendant's contention that he should prevail here. Applying the *Barker* four prong speedy trial test, the defendant argues that he is entitled to receive no sentence at all. We disagree. First, as to the length of delay, the defendant argues that two and one-half years is clearly inordinate especially in the context of the case. "The length of delay is not determinative of whether a violation has occurred." *State v. Jones,* 310 N.C. 716, 721, 314 S.E.2d 529, 533 (1984). The length of delay is merely viewed as the " 'triggering mechanism' that precipitates the speedy trial issue. Viewed as such, its significance in the balance is not great." *State v. Hill,* 287 N.C. 207, 211, 214 S.E.2d 67, 71 (1975).

Second, the defendant contends that the State had no legitimate reason for its delay. On the contrary, the record indicates that the State attributed the delay to its efforts to schedule the action at a time where it was convenient for all parties including the judge who originally sentenced the defendant. The State argues that any delay would not prejudice the defendant so long as the resentencing was done in front of the same judge who heard the evidence at trial and who did the sentencing originally. The State having offered reasons for the delay, the burden is then on the defendant to show that the delay was due to neglect or willfulness of the prosecution. There is no evidence of neglect or willfulness on the part of the prosecution.

Third, the defendant has conceded his failure to assert his right to a speedy trial under the third prong of the *Barker* test.

Finally, the defendant contends that he was prejudiced in several ways. First, the defendant states that he suffered personal prejudice because of the stress and anxiety inherent in the uncertainty which arises when an individual is awaiting sentencing. Secondly, the defendant argues that he was prejudiced because of the possibility of losing potential benefits including concurrent sentences and favorable classification and treatment within the correctional system. Thirdly, the defendant argues that even though emotional distress standing alone is not enough to meet the four part test, when weighed and scrutinized in light of the length of the delay and the reasons for the delay, it may be sufficient to tip the balance

in his favor under the Sixth Amendment. *Citing United States v. Macino*, 486 F.2d 750 (7th Cir. 1973). The defendant here showed no prejudice resulting from the delay. We note that he was already incarcerated pursuant to sentences of life imprisonment and other consecutive sentences totaling sixty-nine (69) additional years. On this record defendant has failed the *Barker* test as discussed in *Smith, supra*. Accordingly, his assignment of error must fail.

The defendant finally assigns as error the trial court's determination that his new sentence should run consecutively to his other sentences and not concurrently. Defendant's argument is based upon his contention that his statutory rights and his federal and state constitutional rights were violated. Since the defendant's speedy trial rights were not violated, this assignment of error must fail.

In summary, we find no prejudicial error in the trial court's decision to deny defendant's motion to dismiss. Accordingly, we affirm.

Affirmed.

Judges JOHNSON and GREENE concur.