STATE OF NORTH CAROLINA v. MARY RUTH WEBSTER

No. 358A93

(Filed 9 September 1994)

**1. Constitutional Law § 325 (NCI4th)— speedy trial—length of delay—not per se determinative—trigger for examination of other factors**

A delay of sixteen months from arrest to trial in a second-degree murder prosecution was not in itself enough to conclude that a constitutional speedy trial violation had occurred, but was clearly enough to cause concern and to trigger examination of other factors.

**Am Jur 2d, Criminal Law §§ 654-659, 859-864.**

**2. Constitutional Law § 326 (NCI4th)— speedy trial—delay not caused by malevolent prosecutorial intention**

A delay of sixteen months from arrest to trial in a second-degree murder prosecution was due largely to the operation of neutral factors and there was no showing that the prosecution willfully or through neglect or improper purposes delayed

**STATE v. WEBSTER**

[337 N.C. 674 (1994)]

defendant's trial where case was calendared but not called for either disposition of pretrial motions or trial six times; the case was continued once because of the judge's scheduling conflicts; the case was calendared but not heard on another occasion due to concerns about trying the case piecemeal during the Christmas holidays; the prosecutor's office was two or three assistants short during the pendency of the case, there were two capital cases pending, and there were a large number of cases in which defendants awaiting trial were incarcerated while defendant was free on bond; defendant was given five days credit on her sentence for time served awaiting trial; and this was a two week trial in which a number of witnesses were called both for the State and the defense, both sides presented forensic experts, and both sides relied largely on circumstantial evidence. Although the Supreme Court disapproved the practice of calendaring but not calling the case due to the waste of time, money, and resources of the State and private citizens, the practice alone did not demonstrate prosecutorial negligence or willfulness.

**Am Jur 2d, Criminal Law §§ 654-659, 859-864.**

**3. Constitutional Law § 323 (NCI4th)— speedy trial—failure to assert right**

Defendant's failure to assert her speedy trial claim sooner in the process did not foreclose the claim, but weighed against it, where she was arrested on 30 November 1989, there was a probable cause hearing on 9 January 1990, she was indicted on 29 January 1990, she did not formally assert her speedy trial right until she filed her demand on 28 January 1991 and her motion to dismiss on 4 February 1991, the motions were heard in February, 1991, and she was convicted in April, 1991.

**Am Jur 2d, Criminal Law §§ 664, 665, 865-867.**

**Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.**

**4. Constitutional Law § 325 (NCI4th)— speedy trial—defendant prejudiced, defense not impaired—no violation**

There was no violation of defendant's constitutional right to a speedy trial where defendant suffered prejudice from a delay of sixteen months between arrest and trial in that she suffered anxiety, her employment was disrupted, her financial resources drained, her association with people in the community curtailed,

and her liberty impaired, but she conceded that she suffered no impairment of her ability to defend and she was released from jail on bond only five days after her arrest and remained free from that time until her sentence.

**Am Jur 2d, Criminal Law §§ 654-659, 859-864.**

Justice FRYE dissenting.

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 111 N.C. App. 72, 431 S.E.2d 808 (1993), finding no error in defendant's conviction and judgment at the 8 April 1991 Criminal Session of Superior Court, Johnston County, Hobgood, J., presiding. Heard in the Supreme Court 13 April 1994.

*Lacy H. Thornburg, Attorney General, by Norma S. Harrell, Special Deputy Attorney General, for the State.*

*Narron, O'Hale and Whittington, P.A., by John P. O'Hale and Jacquelyn L. Lee, for defendant-appellant.*

EXUM, Chief Justice.

Defendant Mary Ruth Webster was convicted of second-degree murder, and Judge Hobgood imposed the presumptive sentence of fifteen years imprisonment. A majority of the Court of Appeals panel found no error in the trial. Judge Wells dissented on the ground defendant's constitutional right to a speedy trial had been violated. Defendant appealed on the basis of this dissent and petitioned for further review of additional issues. We denied defendant's petition for discretionary review of additional issues. The issue before us is whether the Court of Appeals majority correctly determined that defendant's constitutional right to a speedy trial was not violated. We conclude its decision on this issue was correct and affirm.

I.

On 30 November 1989 defendant Mary Ruth Webster was arrested for the murder of her husband, Melvin Braxton Webster. After a probable cause hearing on 9 January 1990 defendant was bound over for trial on a charge of second-degree murder. On 29 January 1990 the grand jury indicted defendant for first-degree murder.

STATE v. WEBSTER

[337 N.C. 674 (1994)]

On 10 January 1990 defendant filed a Request for Voluntary Discovery and on 17 January 1990, a Motion for Discovery. On 7 February 1990 defendant filed a Motion and Affidavit to Continue, based in part on the outstanding discovery motions. A response to the request for voluntary discovery was filed on 2 March 1990. On 8 March 1990 defendant filed motions for a list of the State's witnesses, to record all proceedings, and to determine aggravating factors prior to trial. On 9 March 1990 the State filed a supplemental discovery response and on 30 March 1990, a motion to compel discovery. On 3 July 1990 defendant filed eight additional motions, five of which related to the case's status as a capital prosecution; and on 23 August 1990 she filed a motion to compel discovery.

The District Attorney calendared the case for trial for court sessions beginning 12 February 1990, 12 March 1990, 2 April 1990, 9 July 1990, 30 July 1990, and 13 August 1990 for the purpose of resolving various pending motions and "working out a negotiated plea," yet he apparently never actually called the motions for hearing during these sessions.

Finally, on 4 September 1990, at a special session of court requested by the District Attorney, the District Attorney called this case for trial before the Honorable I. Beverly Lake, Jr., judge presiding. Judge Lake heard and ruled on several pending motions. He entered orders, among others, to compel certain discovery, for the production of witness statements, and to declare the case to be a noncapital prosecution. The State and defendant announced their readiness for trial, and eight jurors were selected. On Wednesday, 5 September 1990, Judge Lake continued the case *sua sponte*, citing the anticipated length of trial, his being scheduled to preside in another district the following week and possible problems for the eight jurors already seated. Defendant objected to the continuance.

The case was calendared, but not called for trial, at the 10 December 1990 session.

On 28 January 1991 defendant filed written demand for a speedy trial and moved to dismiss the indictment on due process grounds. On 4 February 1991 defendant moved to dismiss the indictment for denial of her constitutional right to a speedy trial. These motions were heard before the Honorable Wiley F. Bowen on 12 February 1991. Judge Bowen made findings of fact and conclusions of law and denied each motion in separate orders.

On the basis of the transcript, record, briefs and arguments of counsel, we conclude, as did the Court of Appeals, that Judge Bowen properly denied defendant's motion to dismiss on speedy trial grounds.

## II.

Defendant argues she was denied her constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution and Article 1, Section 18 of the North Carolina Constitution. The United States Supreme Court has identified four factors "which courts should assess in determining whether a particular defendant has been deprived of his right" to a speedy trial under the federal constitution. *Barker v. Wingo,* 407 U.S. 514, 530, 33 L. Ed. 2d 101, 117 (1972). These factors are: "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of [the] right to a speedy trial, and (4) prejudice resulting from the delay." *State v. Willis,* 332 N.C. 151, 164, 420 S.E.2d 158, 163 (1992). We follow the same analysis in reviewing speedy trial claims under Article I, Section 18 of the North Carolina Constitution. *See State v. Jones,* 310 N.C. 716, 314 S.E.2d 529 (1984) and *State v. Avery,* 95 N.C. App. 572, 383 S.E.2d 224 (1989), *disc. rev. denied,* 326 N.C. 51, 389 S.E.2d 96 (1990).

### A. Length of the Delay.

[1] The length of the delay is not *per se* determinative of whether a speedy trial violation has occurred. *State v. Pippin,* 72 N.C. App. 387, 392, 324 S.E.2d 900, 904, *disc. rev. denied,* 313 N.C. 609, 330 S.E.2d 615 (1985). This Court has held a delay of twenty-two months between accusation and trial long enough to trigger consideration of the other factors. *State v. Jones,* 310 N.C. 716, 721, 314 S.E.2d 529, 533 (1984). The United States Supreme Court has viewed even shorter delays sufficient to trigger examination of the other factors:

> Depending on the nature of the charges, the lower courts have generally found postaccusation delay "presumptively prejudicial" at least as it approaches one year. We note that, as the term is used in this threshold context, "presumptive prejudice" does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* inquiry.

*Doggett v. United States,* 505 U.S. ——, —— n.1, 120 L. Ed. 2d 520, 528 n.1 (1992) (citations omitted). In *State v. Kivett,* 321 N.C. 404, 410, 364 S.E.2d 404, 408 (1988), this Court determined that a 427 day delay

between indictment and trial was not "sufficient, standing alone, to constitute unreasonable or prejudicial delay."

The length of the delay in this case, from arrest to trial, was sixteen months. While not enough in itself to conclude that a constitutional speedy trial violation has occurred, this delay is clearly enough to cause concern and to trigger examination of the other factors. *State v. McKoy*, 294 N.C. 134, 141, 240 S.E.2d 383, 388 (1978).

B. Reason for the Delay.

[2] The defendant has the burden of showing that the reason for the delay was the neglect or willfulness of the prosecution. *State v. Marlow*, 310 N.C. 507, 521, 313 S.E.2d 532, 541 (1984). The transcript, record and the findings of the trial court do not reveal that the delay was due to prosecutorial negligence or willfulness. We are concerned that the District Attorney placed the case on the trial calendar six times from February through August 1990 without calling the case either for the disposition of pretrial motions or trial. This required repeated, futile preparation for trial and attendance at court by defendant and her witnesses and, presumably, the State and its witnesses. We expressly disapprove this practice because of the waste it causes of the State's and private citizens' time, money and resources; but we do not think the practice itself, nothing else appearing, demonstrates prosecutorial negligence or willfulness in delaying disposition of cases so calendared.

The District Attorney calendared the case during a special session of the 4 September 1990 court session and was prepared for trial. The case was continued on motion of the trial judge, through no fault of the prosecution or defense, because of the judge's scheduling conflicts and the anticipated length of trial. Although calendared for trial, the case was not heard at the 10 December 1990 session due to concerns about trying the two week case piecemeal over the Christmas holidays.

During the pendency of this case, the District Attorney's office was "sometimes two or three assistants short," there were two capital cases pending which consumed much of several intervening sessions of court and there were a large number of cases in which defendants awaiting trial were incarcerated.

Defendant filed her first demand for a speedy trial on 28 January 1991. The motion was denied, and the case went to trial on 8 April

1991, two months and eleven days later. The defendant was given five days credit on her sentence for time served awaiting trial.

This was a two week trial in which a number of witnesses were called both for the State and the defense. Both sides presented experts in forensic science, and both sides relied largely on circumstantial evidence.

Because of all the foregoing factors, we conclude there has been no showing that the prosecution willfully or through neglect or for improper purposes delayed defendant's trial. We do not condone the delay in trial that occurred here and urge both our prosecutors and defense counsel to work to see that our system of justice is not burdened with trial delays of this length. We conclude, nevertheless, that delay in this case was due largely to the operation of neutral factors and not to any malevolent intent on the part of the prosecution. *See State v. Tann*, 302 N.C. 89, 95, 273 S.E.2d 720, 724 (1981).

C. Assertion of the Right.

[3] Although failure to demand a speedy trial does not constitute a waiver of that right, it is a factor to be considered. In *Barker*, the United States Supreme Court stated that the assertion of the speedy trial right "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." 407 U.S. at 531-32, 33 L. Ed. 2d at 117-18. However, the Court also emphasized "that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." 407 U.S. at 532, 33 L. Ed. 2d at 118.

Defendant did not formally assert her speedy trial right until she filed her demand for it on 28 January 1991 and her motion to dismiss based on speedy trial grounds on 4 February 1991. These motions were promptly heard in early February 1991, and the case was scheduled for trial and tried in April 1991. Defendant's failure to assert her speedy trial right sooner in the process does not foreclose her speedy trial claim, but it does weigh somewhat against her contention that she has been unconstitutionally denied a speedy trial.

D. Prejudice to the Defendant.

[4] Finally, we consider whether defendant has suffered any prejudice as a result of the delay in her trial. The right to a speedy trial is designed:

STATE v. WEBSTER

[337 N.C. 674 (1994)]

(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. *Of these, the most serious is the last,* because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

*Id.* (emphasis added).

In this case, we are duly concerned by the trial court's finding that because of the delay in defendant's trial her "employment has been disrupted, her financial resources have been drained, her association with people in the community has been curtailed, her liberty has been impaired, and she has suffered anxiety." Although these are the kinds of things the speedy trial right exists to prevent, they do not loom as large as actual impairment of the defendant's ability to defend against the criminal charges themselves. As to this, the trial court found, "defendant has not been deprived of any defenses available to her and that all potential witnesses for defendant are still available." Defendant appears to concede that there has been no actual impairment of her ability to defend caused by the delay in trial.

Importantly, too, there was no oppressive pretrial incarceration inasmuch as defendant was released from jail on bond only five days following her arrest and has remained free on bond from that time until her trial and sentence.

While there has been some prejudice to defendant as found by the trial court caused by the delay in her trial, the weight of it in the balancing process is diminished by the absence of any impairment to her defense against the criminal charge and the absence of substantial pretrial incarceration.

After balancing the four factors—length of delay, cause of delay, assertion of the speedy trial right, and prejudice to defendant—we hold defendant's constitutional right to a speedy trial has not been violated and affirm the Court of Appeals' decision on this issue.

AFFIRMED.

Justice FRYE dissenting.

Believing that defendant's constitutional right to a speedy trial was violated, I vote to reverse the Court of Appeals and vacate the judgment of the trial court. I agree essentially with the reasoning set

CAGE v. COLONIAL BUILDING CO.

[337 N.C. 682 (1994)]

forth in the dissenting opinion in the Court of Appeals, *State v. Webster*, 111 N.C. App. 72, 82, 431 S.E.2d 808, 814 (1993) (Wells, J., dissenting).