STATE OF NORTH CAROLINA v. MAURICE TREMAINE McBRIDE

No. COA07-22

(Filed 4 December 2007)

**1. Constitutional Law— speedy trial—factors to be considered**

The trial court did not err in a prosecution for obtaining property by false pretenses by denying defendant's motion to dismiss for violation of his right to a speedy trial. Although a delay of three years and seven months is exceptionally long, the other three factors to be considered weighed heavily against defendant.

**2. Appeal and Error— preservation of issues—failure to continue objection**

The defendant in a false pretenses prosecution did not preserve for appellate review his objection to testimony that two checks were counterfeit where his objection was overruled, he objected only sporadically, and he referred to the checks as counterfeit during his cross-examination.

**3. Evidence— testimony that checks were counterfeit—no plain error**

There was no plain error in a false pretenses prosecution from the admission of testimony that checks were counterfeit. It

is entirely unlikely that the evidence at issue had any serious effect on the trial's outcome, nor did the admission of the evidence preclude defendant from receiving a full and fair trial.

**4. False Pretenses— counterfeit check scheme—evidence sufficient**

The evidence of obtaining property by false pretenses pursuant to a counterfeit check scheme was sufficient where defendant's statements indicated an intentionally false representation which was effective.

**5. False Pretenses— counterfeit checks—sufficiency of indictment**

There was no confusion of offenses in an indictment for obtaining property by false pretenses which alleged that defendant "solicited" the deposit of counterfeit checks. There was no defect in the failure to specify a victim; the offense of obtaining property by false pretenses does not require that the State prove an intent to defraud any particular person.

Appeal by defendant from judgment entered 3 May 2006 by Judge A. Leon Stanback in Wake County Superior Court. Heard in the Court of Appeals 30 August 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Patrick S. Wooten, for the State.*

*Kathleen Arundell Widelski, for defendant.*

ELMORE, Judge.

Maurice McBride (defendant) approached a friend of his, Antoinette Hines, in the summer of 2002. He offered Hines, who was experiencing financial difficulties, the opportunity to deposit a check for him. He explained that a friend of his owed him money, and that his friend had written him too many checks. He told Hines that if she would deposit a check for $9,475.25, she could give him the cash and keep $2,000.00 for her troubles. Hines agreed, and two weeks later she received a check in the mail. She deposited the check and consummated their agreement.

Hines discussed the transaction with her childhood friend, Jestina McArthur. McArthur was also experiencing money problems, and Hines told her that defendant might be able to help her. Indeed,

defendant was happy to extend the same offer to McArthur that he had to Hines. The two struck a bargain, and McArthur deposited a check for $9,200.00, of which she kept $2,000.00.

The following Friday, McArthur received a number of messages on her answering machine from both defendant and the credit union at which she deposited the check. Defendant exhorted McArthur, "[D]on't [tell] them where you got the check from," and "[y]ou tell them that it came in the mail, you went to your ATM, you deposited it in there." The credit union, along with Hines, called to inform McArthur that the check she deposited was counterfeit, as was the one that Hines deposited. Defendant did not return subsequent phone calls.

On 4 November 2002, defendant was indicted on two counts of Obtaining Property by False Pretenses. A jury found him guilty of both counts on 3 May 2006, and the court entered judgment against him that day. Defendant now appeals.

**[1]** Defendant first argues that the trial court erred in denying his motion to dismiss based on his constitutional right to a speedy trial. We disagree.

In determining whether a defendant has been deprived of his right to a speedy trial, N.C. Const. art I, § 18; U.S Const. amend VI, our courts consider four interrelated factors together with such other circumstances as may be relevant. The factors are (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant resulting from the delay. No single factor is regarded as either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. Instead the factors and other circumstances are to be balanced by the court with an awareness that it is dealing with a fundamental right of the accused which is specifically affirmed in the Constitution. The burden is, nonetheless, on the defendant to show that his constitutional rights have been violated and a defendant who has caused or acquiesced in the delay will not be allowed to use it as a vehicle in which to escape justice.

*State v. Chaplin*, 122 N.C. App. 659, 662-63, 471 S.E.2d 653, 655 (1996) (quotations and citations omitted). Considering the four factors outlined by the *Chaplin* court, we hold that the trial court properly denied defendant's motion. Although a delay of three years and seven

months from arrest to trial is exceptionally long, the other factors weigh heavily against defendant's cause. There appears to be no reason for the delay in the record.[1] Defendant did not assert his right to a speedy trial until 2 May 2006, and defendant has demonstrated no prejudice whatsoever from the delay. Defendant was not incarcerated during the delay; indeed, he moved to Virginia during that time. Under these circumstances, we hold that defendant's right to a speedy trial was not impaired, and the trial court did not err in denying defendant's motion.

[2] Defendant also argues that the trial court's admission of evidence as to the status of a bank check and bank account was either error or plain error.[2] We are not persuaded.

The trial court allowed Wayne Williams, the Senior Fraud Investigator with Coastal Federal Credit Union, to testify that the two checks involved in this case were counterfeit. Defendant's objection to the admission of this evidence was overruled. Throughout the trial, defendant objected only sporadically to the admission of this evidence, and defendant's trial counsel even referred to the checks as counterfeit during his cross-examinations.

> Generally, a defendant must make a timely objection to proffered testimony in order to preserve the issue for appellate review, and when a defendant has failed to object this Court may only review the matter for plain error. Also, where evidence is admitted over objection, and the same evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost. Thus, as defendant has failed to preserve his appeal on the above testimony by either failing to object initially, or by failing to object when the same testimony was elicited later, this assignment of error may be reviewed only for plain error.

*State v. McDougald*, 181 N.C. App. 41, 47, 638 S.E.2d 546, 551 (2007) (internal quotations, citations, and alterations omitted).

---

1. Defendant's counsel acknowledges that she has no authority for her assertion that it is "inherently unfair to hold [the lack of a reason in the record] against the Defendant." In the absence of a reason in the record, we cannot state that defendant has met his burden on this issue.

2. Defendant groups his arguments together in his brief. Although the State urges this Court to consider defendant's contention regarding error on this point abandoned because defendant failed to argue under the section of his brief alleging error, we decline to do so. It is clear that in defendant's brief he combines his two assignments of error into one argument, arguing alternatively that this Court find error or plain error.

**[3]** Under our plain error standard of review, "a defendant has the burden of showing: (i) that a different result probably would have been reached but for the error; or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." *State v. Watkins*, 181 N.C. App. 502, 507, 640 S.E.2d 409, 413 (2007) (quotations and citation omitted). Defendant has not carried his burden. It is entirely unlikely that the evidence at issue had any serious effect on the trial's outcome. Nor did the admission of the evidence preclude defendant from receiving a full and fair trial. Accordingly, defendant's contention must fail.

**[4]** Defendant next claims that the trial court erred in denying his motion to dismiss based on insufficiency of the evidence. Because we hold that the evidence was sufficient to justify sending the case to the jury, we find defendant's argument to be without merit.

"In ruling on a defendant's motion to dismiss, the trial court should consider if the state has presented substantial evidence on each element of the crime and substantial evidence that the defendant is the perpetrator." *State v. Replogle*, 181 N.C. App. 579, 580-81, 640 S.E.2d 757, 759 (2007) (quotations and citation omitted). Our Supreme Court has enumerated the elements of obtaining property by false pretenses: "(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another." *State v. Parker*, 354 N.C. 268, 284, 553 S.E.2d 885, 897 (2001) (citation omitted). "The evidence should be viewed in the light most favorable to the state, with all conflicts resolved in the state's favor. . . . If substantial evidence exists supporting defendant's guilt, the jury should be allowed to decide if the defendant is guilty beyond a reasonable doubt." *Replogle* at 580-81, 640 S.E.2d at 759 (quotations and citations omitted) (alteration in original).

In this case, the trial court received evidence that defendant told McArthur, "I do this all the time. They're going to clear. The checks are good." Likewise, defendant told Hines that he had "done it several times." This evidence clearly indicates both that defendant made a false representation, and that it was his intent to do so. Moreover, his deception was effective; the bank released the money to McArthur and Hines, who in turn gave it to defendant. There was abundant evidence to justify sending this case to the jury. Defendant's arguments to the contrary are therefore without merit.

**[5]** Finally, defendant claims that the indictment against him was fatally defective. Defendant avers that the indictment, which charges that defendant committed two counts of obtaining property by false pretenses, actually alleges that he also committed the crime of solicitation to commit a felony. Defendant bases this assertion on the following language of the indictment: "[T]he defendant solicited [McArthur and Hines] into depositing a counterfeit Cores State Bank check . . . ." However, a plain reading of the term "solicit" does not necessarily imply the allegation of a separate criminal act. *Black's Law Dictionary* defines "solicitation" as "**1.** The act or an instance of requesting or seeking to obtain something; a request or petition . . . ." *Black's Law Dictionary*, 1427 (8th ed. 2004).[3] In this situation, there was no confusion as to what offenses the State accused the defendant. Defendant's assertion is therefore without merit.

Likewise, defendant's additional contention regarding his indictment, that the indictment failed to specify the alleged victim, is similarly without merit. The statute proscribing the offense of obtaining property by false pretenses does not require that the State prove "an intent to defraud any particular person." N.C. Gen. Stat. § 14-100(a) (2005). The indictment was not defective.

Having conducted a thorough review of the record and briefs, we conclude that defendant received a fair trial free from error.

No error.

Judges STEELMAN and STROUD concur.

---

3. We note that *Black's* goes on to define the term in four additional ways, one of which is the criminal offense that defendant would have this Court find renders his indictment defective. However, we hold that, given that the indictment clearly accused defendant only of two counts of obtaining property by false pretenses, the first entry is the appropriate definition in this case.