STATE OF NORTH CAROLINA
v.
TERRY LEE FOX
No. COA09-535.
Court of Appeals of North Carolina.
Filed December 22, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.
Charlotte Gail Blake, for defendant-appellant.
CALABRIA, Judge.
Terry Lee Fox ("defendant") appeals from judgment entered upon jury verdicts finding him guilty of habitual driving while impaired and attaining the status of an habitual felon. We find no error.
On 20 September 2007, at approximately 4:00 a.m., Officer Jason Hunter ("Officer Hunter") of the Mars Hill Police Department observed a vehicle driven by defendant sitting stationary at a green light with its right turn signal on. Defendant's car was positioned in such a way that it was straddling both the through traffic lane and the right turn lane. As the vehicle turned right onto a highway on-ramp, Officer Hunter observed the vehicle "jerk" as if the driver was having problems operating the vehicle. Officer Hunter followed the vehicle, activated his blue lights and stopped the vehicle.
When Officer Hunter approached the vehicle, he detected a strong odor of alcohol emanating from the driver's area. Defendant did not have his driver's license with him. Officer Hunter asked defendant to step out of the vehicle and perform a series of sobriety tests. Based on his observations of defendant during the sobriety tests, Officer Hunter believed defendant was impaired due to the consumption of alcohol. Defendant voluntarily took an intoxilyzer test, and the result indicated defendant had a blood alcohol content of 0.10. Officer Hunter arrested defendant for driving while impaired.
At 8:24 a.m. on the morning of his arrest, defendant filed a pro se motion requesting a speedy trial. Defendant first came before the district court on 25 September 2007 for his initial appearance. The court found defendant had been charged with habitual impaired driving and set a probable cause hearing for 14 October 2007. On 17 March 2008, defendant was indicted for driving while impaired, habitual driving while impaired, and attaining the status of an habitual felon.
On 15 April 2008, the Clerk of Superior Court appointed Jamie Stokes ("Mr. Stokes") to represent defendant at trial. On 30 April 2008, Mr. Stokes filed a motion to continue defendant's trial, then calendared for 5 May 2008, arguing he had not had adequate time to prepare. The record is unclear when or if the trial court ruled on the motion. However, on 13 June 2008, Mr. Stokes filed a motion and obtained an order committing defendant to Dorothea Dix Hospital for an examination as to his mental capacity to proceed to trial. Mr. Stokes filed a second motion to continue defendant's trial on 27 June 2008, stating that defendant had not yet undergone the ordered mental evaluation.
Defendant underwent an evaluation of his capacity to proceed to trial on 1 July 2008. In a report dated 5 August 2008, Senior Psychologist David Hattem found defendant was capable of proceeding to trial. On 12 September 2008, Mr. Stokes filed a motion to withdraw as defendant's trial counsel, stating the defendant had sent numerous letters to the Clerk of Superior Court requesting Mr. Stokes be "fired" or withdraw, that defendant and Mr. Stokes had reached a fundamental disagreement regarding his pending criminal charges which they could not resolve, and that defendant desired new counsel be appointed for him. The trial court entered an order on 15 September 2008, allowing the motion to withdraw and appointed James Rue ("Mr. Rue") to represent defendant at trial. While represented by Mr. Rue, defendant filed pro se motions on 6 October and 9 November 2008 in which, inter alia, he renewed his 20 September 2007 request for a speedy trial.
Defendant was tried in Madison County Superior Court on 13 November 2008. At the close of the State's evidence, the State dismissed a charge of driving while license revoked. Defendant raised several motions at trial, including his request for a speedy trial, which the court denied. The jury subsequently returned a verdict finding defendant guilty of habitual driving while impaired and attaining the status of an habitual felon. Defendant was sentenced to a minimum of 121 months to a maximum of 155 months in the North Carolina Department of Correction, with defendant receiving credit for 415 days of pretrial incarceration. Defendant appeals.
Defendant's sole argument on appeal is that the trial court erred in denying his motion for a speedy trial and that the trial court further erred in failing to dismiss the charges against him. Defendant contends the trial court's failure to conduct a speedy trial or dismiss the charges against him violated defendant's rights under the Constitutions of the United States and North Carolina. We disagree.
The right of a criminal defendant to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 18 of the North Carolina Constitution. This Court looks to four factors in determining whether a defendant has been deprived of his right to a speedy trial under the Constitutions of the United States and North Carolina: "`(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of [the] right to a speedy trial, and (4) prejudice resulting from the delay.'" State v. Webster, 337 N.C. 674, 678, 447 S.E.2d 349, 351 (1994) (quoting State v. Willis, 332 N.C. 151, 164, 420 S.E.2d 158, 163 (1992), and citing Barker v. Wingo, 407 U.S. 514, 530, 33 L. Ed. 2d 101, 117 (1972)). "The length of the delay is not per se determinative of whether a speedy trial violation has occurred[,]" but rather establishes a trigger as to whether the courts must examine the other factors. Id. Where the length of the delay is long enough to trigger examination of the other factors, "[t]he defendant has the burden of showing that the reason for the delay was the neglect or willfulness of the prosecution." Id. at 679, 447 S.E.2d at 351. The defendant must also show that he asserted his right to a speedy trial, and that he suffered prejudice from the delay. Prejudice suffered by a defendant is assessed in light of the interests the right to a speedy trial is designed to protect:
"(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."
Id. at 681, 447 S.E.2d at 352 (quoting Wingo, 407 U.S. at 531-32, 92 S. Ct. at 2193, 33 L. Ed. 2d at 117-18).
In the instant case, defendant filed his motion for a speedy trial on 20 September 2007 and attempted to renew the motion through pro se filings on 6 October and 9 November 2008, and at trial on 13 November 2008. Defendant's trial occurred 424 days after defendant's arrest, a sufficient amount of time to trigger our review of the remaining factors.
Defendant has not shown that the delay between the filing of his initial speedy trial motion and the ultimate date of defendant's trial was the result of neglect or wilfulness of the prosecution. It is true that there is no indication in the record that anything occurred in defendant's case from his first appearance on 25 September 2007 through the issuance of indictments on 17 March 2008. However, upon indictment, the trial court appointed counsel for defendant and defendant's case was calendared for trial shortly thereafter. If defendant's case had been tried as originally scheduled, it would have taken place 5 May 2008, slightly more than 7 months after his arrest.
Defendant's counsel, Mr. Stokes, sought at least two continuances in the underlying cases. Additionally, defendant's commitment to Dorothea Dix Hospital for an evaluation of his mental capacity to proceed to trial, made at the request of Mr. Stokes, delayed defendant's trial by at least two months. Defendant further delayed the commencement of his trial by seeking the removal of his initial appointed counsel and having new counsel appointed on 15 September 2008.
Defendant made several efforts to timely assert his right to a speedy trial, and has shown some prejudice given the length of time he spent in custody prior to trial. Defendant, however, makes no argument that the delay in the commencement of his trial in any way affected his ability to present a defense.
We conclude that defendant has made no showing that the prosecution willfully or through neglect or for improper purposes delayed defendant's trial. Defendant has suffered some prejudice as a result of the delay, but after balancing the four factors, we hold defendant's constitutional right to a speedy trial has not been violated. This assignment of error is overruled.
Defendant's remaining assignments of error set forth in the record on appeal, but not argued in his brief to this Court, are deemed abandoned. N.C.R. App. P. 28(b)(6) (2008). Accordingly, we hold defendant received a fair trial, free from error.
No error.
Judges WYNN and STROUD concur.
Report per Rule 30(e).